**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| INFOCUS DOWNHOLE SOLUTIONS USA LLC, | |
| Plaintiff, | Case No. 2:24-cv-00875 |
| v. | |
| FULL-METAL-POWER B.V., AARON BAXTER, HANS-HENK WOLTERS, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff InFocus Downhole Solutions USA LLC, ("InFocus" or "Plaintiff") files this Original Complaint for Patent Infringement against Defendants Full-Metal-Power B.V. ("Full Metal"), Hans-Henk Wolters ("Wolters"), and Aaron Baxter ("Baxter") (collectively referred to as "Defendants").

**NATURE OF THE ACTION**

1.      InFocus brings this an action against Defendants for infringement of United States Patent No. 10,676,992 (the "'992 Patent") pursuant to the patent laws of the United States, 35 U.S.C § 101 *et seq*.

**PARTIES**

2.      Plaintiff InFocus is a Texas company with its principal place of business at 14411 West Road, Houston, Texas 77041.  Among other things, InFocus currently offers to sell in the United States, and in this District, "downhole tools with progressive cavity sections," such as Power Sections.

3.      InFocus is the owner by assignment of the '992 Patent including the right to sue for and recover for past damages.

4.      InFocus's Power Sections are covered by at least claim 1 of the '992 Patent.

1

5.      Defendant Full Metal is a Netherland limited liability company, with its place of business at Orionweg 55, 8938 AG Leeuwarden, The Netherlands.  Among other things, Full Metal sells and offers to sell in the United States and this District, metal-to-metal Power Sections ("Full Metal Power Section") for use in downhole drilling and production operations.

6.      Full Metal offers for sale and sells its Full Metal Power Section through its website, https://www.full-metal-power.com/.  In addition, Full Metal does so via direct contacts with U.S. companies and at industry trade shows in the U.S.

7.      On information and belief, Full Metal also imports its Full Metal Power Section into the United States and this District.

8.      Defendant Hans-Henk Wolters is an individual who is, on information and belief, a citizen of The Netherlands.  Wolters purports to be the CEO of Full Metal.  Wolters offers to sell and sells Full Metal Power Sections throughout the United States and in this District.

9.      Defendant Aaron Baxter is an individual residing at 600 Tahiti Dr., Granbury, Texas 76048.  Baxter is a global business development partner of Full Metal and, in that capacity, Baxter offers to sell and sells Full Metal Power Sections throughout the United States and in this District.

10.     The parties to this action are properly joined under 35 U.S.C. § 299 because the right to relief asserted against Defendants jointly and severally arises out of the same series of transactions or occurrences relating to the selling of the same Full Metal Power Sections. Additionally, questions of fact common to all Defendants will arise in this action.

## JURISDICTION AND VENUE

11.     This Court has original subject matter jurisdiction over this action in accordance with 28 U.S.C §§ 1331 and 1338(a) because this action arises under the patent laws of the United

States 35 U.S.C. § 101, *et seq.*

12.     This Court has personal jurisdiction over Full Metal because it is a foreign corporation and it has sold, is selling, and/or is offering to sell, and/or is importing, its infringing Full Metal Power Sections, into Texas and this judicial district.  In addition to direct contacts by Full Metal with customers and potential customers in the United States, Texas and this District, Full Metal's website is interactive and has numerous pages allowing people to educate themselves about the infringing product.  The website also includes a chat function allowing persons residing in Texas and this District to interact with Full Metal.

13.     On information and belief, Full Metal has sold the infringing Full Metal Power Sections to at least Workover Solutions, a Texas company having an office in Kilgore, Texas and to Dodd Oilfield Tools, a Texas company having an office in San Angelo, Texas.

14.     The Full Metal website, https://www.full-metal-power.com/, lists sales "partners" that are active in the U.S., including CTRT, Inc., Patriot Energy Services, Inc., Yellow Jacket Oilfield Services, Old School Services LLC, Axial Downhole, Titan Oilfield Services, and PMax Energy Services.  Defendant Wolters confirms on his LinkedIn page that Full Metal is the "solutions provider" for these companies.  On information and belief, one or more of these sales partners in the U.S. has sold, is selling, or is offering to sell downhole services using the infringing Full Metal Power Sections to entities residing in the Eastern District or for work done to be done in this District.

15.     Full Metal's interactive website requests interested buyers to "Give that 'Let's Chat' button a click!"

16.     Wolters presented at the International Association of Directional Drilling webinar conference on March 4, 2021.  Persons residing in the District can still access the webinar at

(https://www.youtube.com/watch?v=FaVjU6TRA8U) and learn about its infringing Full Metal Power Sections.

17.     Full Metal, including its CEO Wolters, attended the Offshore Technology Conference in Houston, Texas on or around May 6th-9th, 2024 to offer for sale and/or sell the infringing Full Metal Power Sections to potential customers.

18.     Full Metal's LinkedIn page states that in July 2024, Full Metal is "back in Houston …[m]eeting customers to discuss Full-Metal-Power applications."

19.     Acts of infringement by Defendants, and each of them, has occurred in this District.

20.     Full Metal has purposefully availed itself of the privileges and benefits of the laws of the State of Texas and the United States based on at least the foregoing conduct.  *See* Tex. Civ. Prac. & Rem. Code § 17.042.

21.     This Court has personal jurisdiction over Wolters individually for infringement of the '992 Patent.  Wolters, as CEO of Full Metal, has controlling authority of the day-to-day operations of Full Metal.  Wolters has personal knowledge that Full Metal has sold and imported, and is selling, importing or offering to sell Full Metal Power Sections that infringe at least one claim of the '992 Patent.  Nevertheless, Wolters continues to knowingly and actively participate in the sale, import, or offer to sell the infringing Full Metal Power Sections, including within the geographical boundaries of this judicial district.  Therefore, Wolters, individually, has actively aided and abetted Full Metal's infringement of the '992 Patent.  Thus, Wolters is personally liable for inducing infringement under § 271(b).

22.     Wolters has purposefully availed himself of the privileges and benefits of the laws of the State of Texas and the United States based on at least the foregoing conduct.  *See* Tex. Civ. Prac. & Rem. Code § 17.042.

23.     This Court has personal jurisdiction over Baxter because he has offered to sell and/or is offering to sell Full Metal power sections in Texas and within this judicial district.  Full Metal's website states Baxter is a member of the "Team" that can "help any aspect of your project!"  Baxter is a global business development partner of Full Metal.  Baxter's contact information is included on many of the Full Metal's LinkedIn posts.  As an integral "team" member, Baxter has offered to sell or is offering to sell Full Metal's infringing products within the United States to U.S. companies and at industry trade shows.  On information and belief, Baxter's sales activities amount to actively aiding and abetting Full Metal's infringement of the '992 Patent within the geographical boundaries of this judicial district.  Therefore, Baxter is personally liable for inducing infringement under § 271(b).

24.     Venue against Full Metal and Wolters is proper in this district under 28 U.S.C. § 1391 (c).  Consequently, venue against Baxter in this action is proper in this district under 28 U.S.C. § 1391 (b).

## FACTUAL BACKGROUND

25.     The '992 Patent relates to, among other things, novel "downhole tools with progressive cavity sections," such as a power sections.

26.     The '992 Patent discloses and claims a downhole tool having a progressive cavity with a stator and a rotor.

27.     Somewhat more specifically, Claim 1 recites:

 A downhole tool comprising: a progressive cavity section with a stator and a rotor; in which the stator is formed from a single integral block of material, and the stator has a length of at least fifty inches defined between axial ends of the stator; in which rotor contacting surfaces of the stator, and stator contacting surfaces of the rotor, are rigid and do not flex when in use at downhole temperatures; in which the stator contacting surfaces and the rotor contacting surfaces are made of metal; in which the stator is formed by electrochemical machining (ECM) to structure the rotor contacting surfaces of the stator to achieve a sufficiently narrow clearance or negative interference fit with the rotor to form an efficient pumping seal without

seizing the progressive cavity section in use; and in which the rotor contacting surfaces of the stator have been heat treated for increased surface hardness.

28.     Full Metal's website shows many infringing Full Metal Power Sections of different sizes.  Full Metal's 2-7/8" 9:10 Lobe 4.0 Stage Power Section is an exemplary Full Metal Power Section that literally meets each limitation of at least claim 1.



**Performance Specifications***

|  | Metric | Imperial |
|---|---|---|
| Flow range | 159-636 LPM | 1-4 BPM |
| Max. operating temperature | 500°C | 932°F |
| Revolutions per unit volume | 0,58 RPL | 2,2 RPG |
| No load speed | | 92-370 RPM |
| Maximum differential pressure | 138 Bar | 2000 PSI |
| Maximum torque | 2440 Nm | 1800 ft-lb |
| Motor power | 74 Kw | 99 HP |

\* Performance data is for reference only and is subject to change.

**Rotor Specifications****

|  | Metric | Imperial |
|---|---|---|
| Total length | 2049mm | 80,7in |
| Profile length | 1880mm | 74,0in |
| Head length | 169mm | 6,7in |
| Rotor eccentricity | 2,6mm | 0,10in |
| Major diameter | 52,7mm | 2,08in |
| Minor diameter | 42,2mm | 1,66in |
| Head diameter | 56,0mm | 2,20in |
| Material | | 34CrAlNi7-10 (1.8550) |
| Weight | 27,9 kg | 61,6 lbs |

**Stator Specifications****

|  | Metric | Imperial |
|---|---|---|
| Total length | 2100mm | 82,7in |
| Profile length | 1880mm | 74,0in |
| Stator outer diameter | 73,6mm | 2,90in |
| Major diameter | 58,0mm | 2,28in |
| Minor diameter | 47,5mm | 1,87in |
| Material | | 34CrAlNi7-10 (1.8550) |
| Weight | 36,1 kg | 79,6 lbs |

6

29.     The Full Metal Lobe 4.0 Stage Power Section has a progressive cavity section with a metal stator and a metal rotor.

30.     The Full Metal Lobe 4.0 Stage Power Section is "a seamless metal-to-metal power section and pump assembly."  Because the Power Section is seamless, the Full Metal Power Section has a stator formed from a single integral block of material.

31.     The Full Metal Lobe 4.0 Stage Power Section has a stator that is at least 50 inches defined between axial ends of the stator.  Specifically, the stator has a total length of 82.7 inches and a profile length of 74 inches.

32.     The Full Metal Lobe 4.0 Stage Power Section can operate up to 500 degrees Celsius, and is made of metal without rubber.

33.     On information and belief, the metal contacting surfaces of the rotor and stator of the Lobe 4.0 Stage Power Section are rigid and do not flex when in use at downhole temperatures.

34.     The Full Metal Lobe 4.0 Stage Power Section is formed by electrochemical machining (ECM).  The stator has a sufficiently narrow clearance or negative interference fit with the rotor.  On information and belief, the Full Metal Lobe 4.0 Stage Power Section forms an efficient pumping seal without seizing the progressive cavity section in use.

35.     The Full Metal Lobe 4.0 Stage Power Section has a "[p]ower section surface hardened for increased longevity."

## COUNT I

### Infringement of U.S Patent No. 10,676,992

36.     InFocus re-alleges and incorporates here by reference the allegations contained in paragraphs 1-35 of this Complaint as if fully set forth herein.

37.     On June 9, 2020, the United States Patent and Trademark Office ("USPTO") issued the '992 Patent, entitled "Downhole Tools with Progressive Cavity Sections, and Related Methods of Use and Assembly."  InFocus is the owner through assignment.

38.     The '992 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

39.     The '992 Patent complies with 35 U.S.C. § 101 because the claims are not individually or in combination well-understood, routine, and/or conventional.

40.     Defendants, and each of them, have directly infringed, and continue to infringe, the claims of the '992 Patent pursuant to 35 U.S.C. § 271(a) by selling, importing, and/or offering to sell the Full Metal Power Section within the United States, as described herein.

41.     Defendants' infringement has been and continues to be willful.

42.     On information and belief, the Full Metal Power Section has infringing features that were especially made or especially adapted for use in an infringement of the '992 Patent, are not a staple article or commodity of commerce, and have no substantial use that does not infringe the '992 Patent.  Defendants have committed, and continue to commit, contributory infringement of the '992 Patent under 35 U.S.C. § 271(c) by selling or offering to sell the Full Metal Power Section within the United States.

43.     Defendant Wolters knowingly participates in Full Metal's infringement of the '992 Patent.  Further, Wolters has actively induced and continue to actively induce infringement of the claims of the '992 Patent pursuant to 35 U.S.C. § 271(b) by selling and/or offering to sell the Full Metal Power Section within the United States, as described herein.

44.     On information and belief, Defendant Baxter has actively induced and continue to actively induce infringement of the claims of the '992 Patent pursuant to 35 U.S.C. § 271(b) by

selling and/or offering to sell the Full Metal Power Section within the United States, as described

herein.

45.     Defendants have infringed and continue to infringe, literally, directly or indirectly,

or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '992

Patent by selling, importing, and offering to sell the Full Metal Power Section within the United

States.  Below is labeled exploded view of the exemplary Lobe 4.0 Stage Power Section found on

Full Metal's website to assist with the mapping of claim 1 of the '992 Patent to the Full Metal

power section.



46.     The preamble of claim 1 recites "A downhole tool."  The Full Metal Power Section

is intended for use in downhole drilling and production operations.  Although the preamble is not

given patentable weight, the Full Metal Power Section meets the preamble because it is a downhole

tool.

47.     Claim 1 recites the limitation "a progressive cavity section with a stator and a rotor."  The image above shows the Full Metal Power Section has a progressive cavity section formed by a stator and a rotor.  Thus, the Full Metal Power Section meets this limitation.

48.     Claim 1 recites the limitation "in which the stator is formed from a single integral block of material."  According to the Full Metal website, the Full Metal Power Section is "a seamless metal-to-metal power section and pump assembly."  Because the Power Section is seamless, the Full Metal Power Section has a stator that is formed from a single integral block of metal.  Thus, the Full Metal Power Section meets this limitation of claim 1.

49.     Claim 1 recites the limitation "the stator has a length of at least fifty inches defined between axial ends of the stator."  The image above shows the Full Metal Power Section has a stator with a total length of 82.7 inches.  Thus, the Full Metal Power Section meets this limitation.

50.     Claim 1 recites the limitation "in which rotor contacting surfaces of the stator, and stator contacting surfaces of the rotor, are rigid and do not flex when in use at downhole temperatures."  The rotor contacting surfaces of the stator and the stator contacting surfaces of the rotor are made of metal and have an operating temperature of up to 500°C.  On his LinkedIn page, Baxter states "[h]igh precision machining over the length of several meters or up to 300 inches within a hair thickness of accuracy make it possible to seal and control the clearance between the rotor and stator over a wide Temperature range."  On information and believe, the stator and rotor have contact surfaces that are rigid and do not flex when in use at downhole temperatures.  Thus, the Full Metal Power Section meets this limitation of claim 1.

51.     Claim 1 recites the limitation "in which the stator contacting surfaces and the rotor contacting surfaces are made of metal."  The Full Metal Power Section is a "metal to metal power section."  Thus, the stator contacting surfaces and the rotor contacting surfaces of the Full Metal

Power Section are made of metal, and the Full Metal Power Section meets this limitation of claim 1.

52.     Claim 1 recites the limitation "in which the stator is formed by electrochemical machining (ECM) to structure the rotor contacting surfaces of the stator to achieve a sufficiently narrow clearance or negative interference fit with the rotor to form an efficient pumping seal without seizing the progressive cavity section in use."  The stator is formed by electrochemical machining (ECM).  On his LinkedIn page, Baxter states "[h]igh precision machining over the length of several meters or up to 300 inches within a hair thickness of accuracy make it possible to seal and control the clearance between the rotor and stator over a wide Temperature range."  On information and belief, the rotor contacting surfaces of the stator of the Full Metal Power Section formed using the ECM process achieve a sufficiently narrow clearance or negative interference fit with the rotor to form an efficient pumping seal without seizing the progressive cavity section in use.  Thus, the Full Metal Power Section meets this limitation of claim 1.

53.     Claim 1 recites the limitation "in which the rotor contacting surfaces of the stator have been heat treated for increased surface hardness."  The Full Metal Power Section includes a "surface hardened for increased longevity."  Also, the screenshot below taken from a Full Metal video confirms using a nitriding process to harden the surface of the stator.  The nitriding process involves heating the metal surface of the stator.  Thus, this limitation is met by the Full Metal Power Section.



54.     Accordingly, Defendants, and each of them, infringe at least claim 1 of the '992 Patent in violation of 35 U.S.C. § 271(a), (b), and/or (c).

55.     As a result of the Defendants' infringement of the '992 Patent, InFocus has suffered monetary damages and seeks recovery in an amount adequate to compensate for that infringement.

56.     The Defendants have had knowledge of the '992 Patent since at least as early as June 15, 2021.

57.     The Defendants' infringement of the '992 Patent continues to be intentional, deliberate, willful, and without regard to InFocus's rights at least because they had knowledge of the '992 Patent.

## JURY DEMAND

InFocus hereby requests a trial by jury on issues so triable by right.

## PRAYER FOR RELIEF

**WHEREFORE**, InFocus respectfully requests judgement against Defendants as follows:

A.      That Defendants, and each of them, have infringed the '992 Patent;

B.      That such infringement was willful;

C.      Enjoining the Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendants from further infringement of the '992 Patent, including making, using, selling, and importing Full Metal Power Sections;

D.      Awarding InFocus damages in an amount sufficient to compensate it for Defendants' infringement of the '992 Patent, including enhanced damages, together with pre-judgment and post-judgment interest and costs in accordance with 35 U.S.C. § 284;

E.      Awarding InFocus an accounting for acts of infringement not presented at trial and an award by the Court of additional damages for any such acts of infringement;

F.      Declaring this case to be "exceptional" under 35 U.S.C. § 285, and award Plaintiff its reasonable attorney fees, expenses, and costs incurred in this action; and

G.      Awarding Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 30, 2024

Respectfully submitted,

By: */s/Jerry R. Selinger*

Jerry R. Selinger
Attorney In Charge
Texas State Bar No. 18008250
jselinger@pattersonsheridan.com

**Patterson + Sheridan LLP**
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
(Tel): 214-720-2200
(Fax): 713-623-4846

Archibald Cruz
Texas State Bar No. 24137564
acruz@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

*Attorneys for Plaintiff,*
*InFocus Downhole Solutions USA LLC*