## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| INFOCUS DOWNHOLE SOLUTIONS USA LLC, | § § | |
|      **Plaintiff** | § | **Case No. 2:24-cv-00875** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **FULL-METAL-POWER B.V., AARON BAXTER, HANS-HENK WOLTERS** | § § | |
|      **Defendants.** | § | |

## DEFENDANT AARON BAXTER'S MOTION TO DISMISS FOR IMPROPER VENUE

Defendant Aaron Baxter, ("Baxter") files this Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and would show the Court as follows:

## INTRODUCTION

In this patent infringement case, Plaintiff InFocus Downhole Solutions ("Plaintiff") has sued two foreign defendants and one individual, Aaron Baxter, a Canadian citizen with permanent resident status in the United States. Defendant Baxter respectfully asks the Court to dismiss this action because venue in the Eastern District of Texas (the "District") is not proper as to him.

To establish proper venue, Plaintiff would have to show that Baxter (1) is a resident of this District or; (2) has a "regular and established place of business" (i.e., a physical location) in this District and he committed acts of infringement in this District. Neither is true for Defendant Baxter. He is not a resident of this District and he does not have a place of business within the District, let alone one that is regular or established. Plaintiff appears to rely upon a customer or customers located in the District for its venue allegations, *see, e.g.* Dkt. 1, ¶¶ 9, 14, and references the general federal venue statute, 28 U.S.C. § 1391(b), as a basis for it claim that venue is proper with respect to Baxter, *id.* ¶ 24, but such sporadic contacts with customers in the District is

insufficient for venue in patent actions.  Because Baxter does not reside in nor have any established business in the District, *see* Declaration of Aaron Baxter ("Baxter Decl.)(Exhibit A), venue is improper and the case against him should be dismissed.

## BACKGROUND

Plaintiff filed suit against Defendants Full-Metal-Power, B.V., Aaron Baxter, and Hans-Henk Wolters, on October 30, 2024, accusing them of infringing United States Patent 10,676,992.

Defendant Baxter is a Canadian citizen, who lives in Granbury, Texas, (Baxter Decl. ¶¶ 2-3 & Dkt. 1 ¶ 9), which is located in the Northern District of Texas.  Plaintiff does not allege that Baxter lives in this District or that he has a regular or established place in this District.  Dkt. 1 ¶¶ 9, 24. Plaintiff (correctly) alleges that Defendant Full-Metal-Power, B.V. is a Netherlands limited liability company, and that Defendant Wolters is a citizen of the Netherlands.  *Id.* ¶¶ 5, 8. For the two Netherlands defendants, Plaintiff relies upon 28 U.S.C. § 1391(c) for venue, and asserts that venue is proper over Baxter pursuant to 28 U.S.C. § 1391(b).  Dkt. 1 ¶ 24.

After the Complaint was filed, Plaintiff wrote to Defendants asking them to accept service, and they did so through counsel.  Dkts. 6-8.  Defendant Baxter's answer date is December 30, 2024, and Defendant Full Metal's and Wolter's answer dates are January 28, 2025, because they are located outside the United States.  Baxter files this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in this District as to him even if it were proper with respect to the other Defendants (which the other Defendants are not conceding at this point in time).  Defendant Baxter will also be filing an Answer and Counterclaims today.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue."  Fed. R. Civ. P. 12(b)(3). Once a defendant raises improper venue by motion,

"the burden of sustaining venue will be on [the] Plaintiff." *Andra Grp., LP v. Victoria's Secret Stores, LLC*, No. 4:19-cv-288-ALM-KPJ, 2020 U.S. Dist. LEXIS 52240, at *5 (E.D. Tex. Mar. 26, 2020) (Exhibit B). If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3). Federal Circuit law "governs the placement of the burden of persuasion on the propriety of venue under § 1400(b)," and "upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

## ARGUMENT

### A. Venue In Patent Cases Is Strictly Construed

Venue in a patent infringement suit is controlled exclusively by 28 U.S.C. § 1400(b). *TC Heartland v. Kraft Foods Group Brands*, 581 U.S. 258, 266 (2017); *see also Valeant Pharms. N. Am. LLC v. Mylan Pharms. Inc.*, 978 F.3d 1374, 1381 (Fed. Cir. 2020) ("[Section 1400(b) venue] is an issue unique to patent law and is therefore governed by Federal Circuit precedent."). Under 28 U.S.C. § 1400(b), a patent infringement claim can be brought in a judicial district where the defendant either: (1) resides, or (2) committed acts of infringement and maintains a regular and established place of business. If a defendant does not "reside" in the relevant district, then a plaintiff must show that that defendant has a "regular and established place of business" *in the relevant district*. That means: (1) a fixed physical location in the district; (2) that is a regular and established place of business; and (3) is the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). The physical place must be "'a building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted," but cannot be a mere "virtual space" such as a website. *Id.*

Critically, venue must be proper for each named defendant. *See In re HTC Corp.*, 889 F.3d 1349, 1351 (Fed. Cir. 2018) (affirming case in which district court had dismissed patent case against domestic defendant for improper venue while confirming venue was proper for related foreign defendant). "Where there are multiple parties or multiple claims in a lawsuit, venue must be proper for each defendant and each claim." *B/E Aero., Inc. v. Zodiac Aero.*, No. 2:16-cv-01417-JRG-RSP, 2018 U.S. Dist. LEXIS 220294, at *16 (E.D. Tex. Nov. 29, 2018) (collecting cases and explaining that "[t]he provision in § 1391 permitting suit in a district where 'any defendant is subject to the court's personal jurisdiction' when there is no district in which the lawsuit could have been brought cannot apply in patent cases.") (Exhibit C); *see also Blue Spike, LLC v. Nook Dig., LLC*, No. 6:16-CV-1361-RWS-JDL, 2017 U.S. Dist. LEXIS 120400, at *10 (E.D. Tex. July 28, 2017) (dismissing defendant in patent case and explaining that under 28 U.S.C. § 1400(b) "[t]he Court must consider whether venue is proper with respect to each defendant.") (Exhibit D) (*citing Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 U.S. App. LEXIS 26498, at *4 (Fed. Cir. Sept. 25, 1997) (holding in a patent case that " in an action involving multiple defendants venue and jurisdiction requirements must be met as to each defendant.")) (Exhibit E). Accordingly, Plaintiff must establish that venue is proper for Baxter by demonstrating that he is a resident of this District or that he has a regular and established business in this District.

### B. Baxter Does Not Reside in the Eastern District of Texas

Baxter is a resident of Granbury in Hood County, Texas,  (Baxter Decl. ¶ 3),  which is not located within the Eastern District of Texas geographical limits. Thus, Baxter does not reside in this District for venue purposes. *See* 28 U.S.C. § 1400(b).   He has never lived in this District. Baxter Decl. ¶ 4.  Consequently, for Plaintiff to establish venue over Baxter in this case, Plaintiff

must show that Baxter has a regular and established place of business in this District and committed acts of infringement.

### C. Venue Is Improper as to Baxter Because He Does Not Have a Regular and Established Place of Business in This District.

The Federal Circuit has set out three general requirements to determining whether a patent defendant has a "regular and established place of business" in the relevant district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. If any requirement is not satisfied, venue is improper under § 1400(b). *Id.*

As set forth above, Baxter resides outside of this District, and he works remotely from home when he is not visiting customers. (Baxter Decl. ¶ 3.) The statute requires a "place," i.e., "[a] building or a part of a building set apart for any purpose" or "quarters of any kind" from which business is conducted. *Cray*, 871 F.3d at 1362. "The statute thus cannot be read to refer merely to a virtual space or to electronic communications from one person to another." *Id.* "[T]here must still be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* Baxter does not own any physical "place" or any other property in the District. (Baxter Decl. ¶ 4).

In addition, the business in the district must be regular and established. "A business may be 'regular,' for example, if it operates in a "steady[,] uniform[,] orderly[, and] methodical' manner." *Cray*, 871 F.3d at 1362. The activity on which venue in the district is based cannot be "sporadic." *Id.* For example, a business displaying products at semiannual trade shows is insufficient. *Id.* (*citing Knapp-Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622, 625 (7th Cir. 1965)). Therefore, even though Baxter has occasional contacts with customers in this District, (Baxter Decl. ¶ 4), that intermittent activity is insufficient for purposes of venue. Plaintiff has

failed to meet its burden of showing that venue in this District is proper under Section 1400(b) as to Defendant Baxter.  Therefore, the case should be dismissed as to Defendant Baxter.

## CONCLUSION

Defendant Aaron Baxter respectfully requests that the Court dismiss this case for improper venue and grant such further relief that this Court deems just and proper.

December 30, 2024                    Respectfully submitted,

EWING & JONES, PLLC

Keith Jaasma
State Bar No. 00794014
Email: kjaasma@ewingjones.com
Michael G. Locklar
State Bar No. 24010194
Email: mlocklar@ewingjones.com
6363 Woodway Drive, Suite 1000
Houston, Texas 77057
(713) 590-9600
(713) 590-9602 (facsimile)

**ATTORNEYS FOR DEFENDANT
AARON BAXTER**

## CERTIFICATE OF SERVICE

I certify that a copy of the above pleading was served upon counsel of record for Plaintiff via the notice of electronic filing that is automatically generated by the Court's filing system on December 30, 2024.

Jerry R. Selinger
Texas State Bar No. 18008250
jselinger@pattersonsheridan.com
Patterson + Sheridan LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
(Tel): 214-720-2200
(Fax): 713-623-4846

Archibald Cruz
Texas State Bar No. 24137564
acruz@pattersonsheridan.com
Patterson + Sheridan LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Keith Jaasma
Attorney for Defendant